IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RIDING FILMS, INC.,**

    **Plaintiff,**

  **vs.**                                  **Civil Action 2:13-cv-46**
                                              **Judge Marbley**
                                              **Magistrate Judge King**

**JOHN DOES 129-193,**

    **Defendants.**

<u>**ORDER**</u>

    This is a copyright action in which plaintiff alleges that defendants copied and distributed plaintiff's copyrighted work, the motion picture "Dawn Rider." *Complaint*, Doc. No. 1, ¶ 5. Defendants are otherwise identified only by IP addresses. *Exhibit B*, attached to *Complaint*. This matter is now before the Court on *Plaintiff's ex Parte Application for Leave to Take Discovery Prior to Rule 26(f) Conference*, Doc. No. 2 ["*Plaintiff's Motion*"]. In its motion, plaintiff seeks to conduct limited discovery of non-party internet service providers to determine the identities of the defendants.

    The Federal Rules of Civil Procedure prohibit "discovery from any source before the parties have conferred as required by Rule 26(f), except," *inter alia*, when authorized by court order. Fed. R. Civ. P. 26(d)(1). Expedited discovery is appropriate upon a showing of good cause. *Arista Records, LLC v. Does 1-15*, 2007 WL 5254326, *2 (S.D.Ohio May 17, 2007). Good cause is easily established in copyright infringement cases, *see id.,* and where, as here, plaintiff has

established that it cannot meet its service obligation under Fed. R. Civ. P. 4 without the requested discovery.

Accordingly, *Plaintiff's Motion*, Doc. No. 2, is **GRANTED.**

**IT IS HEREBY ORDERED** that plaintiff Riding Films Inc. may serve limited, immediate discovery on the internet service providers ("ISPs") identified in Exhibit 1 to the Declaration of Darren M. Griffin and on any later-discovered unknown or intermediary ISPs to obtain the identity of each John Doe Defendant or other identified alleged infringers by serving a Rule 45 subpoena that seeks documents that identify each John Doe defendant, including the name, addresses, telephone numbers, email addresses, and Media Access Control addresses for each alleged infringer. The disclosure of this information is ordered pursuant to 20 U.S.C. § 1232g(b)(2)(B) where applicable to educational institutions.

**IT IS FURTHER ORDERED** that any information that is disclosed to plaintiff in response to the Rule 45 subpoenas may be used by plaintiff solely for the purpose of protecting plaintiff's rights under the Copyright Act.

*s/Norah McCann King*
Norah M<sup>c</sup>Cann King
United States Magistrate Judge

January 18, 2013
(Date)