AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

**EXHIBIT A**

Riding Films, Inc.
*Plaintiff*
v.
Does 129-193
*Defendant*

Civil Action No. 2:13-cv-46

(If the action is pending in another district, state where: _____ District of _____)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: WideOpenWest
7887 East Belleview Avenue, Suite 1000, Englewood, CO 80111

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

In accordance with the attached court order, please provide all records and information sufficient to identify the people or entities whose Internet Protocol Address ("IP Address") are listed in Attachment A to this Subpoena including the following: personal and business names, any and all addresses, any and all telephone numbers, any and all e-mail addresses, and Media Access Control addresses ("MAC Addresses"). Please email the requested information to copyright92@taftlaw.com. We would be happy to provide you a digital copy of Attachment A upon request by email to Kelly Kemper at kkemper@taftlaw.com or you can download it at:
https://www.dropbox.com/s/tqlk0sn15tfcq6d/subpoena-data-wow.xlsx.

| Place: Taft Stettinius & Hollister LLP<br>65 East State Street, Suite 1000<br>Columbus, Ohio 43215<br>Telephone: 614.334.7192<br>copyright92@taftlaw.com | Date and Time: 3/12/2013 |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: February 22, 2013

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Riding Films, Inc. _____, who issues or requests this subpoena, are:

Leon Bass, 65 E. State St. Ste 1000 Columbus, Ohio 43215
copyright92@taftlaw.com
614.334.7192

Case: 2:13-cv-00046-ALM-NMK Doc #: 4 Filed: 01/18/13 Page: 1 of 2 PAGEID #: 66

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


EXHIBIT "B"

RIDING FILMS, INC.,

    Plaintiff,

vs.

    Civil Action 2:13-cv-46
    Judge Marbley
    Magistrate Judge King

JOHN DOES 129-193,

    Defendants.

ORDER

This is a copyright action in which plaintiff alleges that defendants copied and distributed plaintiff's copyrighted work, the motion picture "Dawn Rider." *Complaint*, Doc. No. 1, ¶ 5. Defendants are otherwise identified only by IP addresses. *Exhibit B, attached to Complaint*. This matter is now before the Court on *Plaintiff's ex Parte Application for Leave to Take Discovery Prior to Rule 26(f) Conference*, Doc. No. 2 ["*Plaintiff's Motion*"]. In its motion, plaintiff seeks to conduct limited discovery of non-party internet service providers to determine the identities of the defendants.

The Federal Rules of Civil Procedure prohibit "discovery from any source before the parties have conferred as required by Rule 26(f), except," *inter alia*, when authorized by court order. Fed. R. Civ. P. 26(d)(1). Expedited discovery is appropriate upon a showing of good cause. *Arista Records, LLC v. Does 1-15*, 2007 WL 5254326, *2 (S.D.Ohio May 17, 2007). Good cause is easily established in copyright infringement cases, *see id.*, and where, as here, plaintiff has

established that it cannot meet its service obligation under Fed. R. Civ. P. 4 without the requested discovery.

Accordingly, *Plaintiff's Motion*, Doc. No. 2, is **GRANTED**.

IT IS HEREBY ORDERED that plaintiff Riding Films Inc. may serve limited, immediate discovery on the internet service providers ("ISPs") identified in Exhibit 1 to the Declaration of Darren M. Griffin and on any later-discovered unknown or intermediary ISPs to obtain the identity of each John Doe Defendant or other identified alleged infringers by serving a Rule 45 subpoena that seeks documents that identify each John Doe defendant, including the name, addresses, telephone numbers, email addresses, and Media Access Control addresses for each alleged infringer. The disclosure of this information is ordered pursuant to 20 U.S.C. § 1232g(b)(2)(B) where applicable to educational institutions.

IT IS FURTHER ORDERED that any information that is disclosed to plaintiff in response to the Rule 45 subpoenas may be used by plaintiff solely for the purpose of protecting plaintiff's rights under the Copyright Act.

                                                *s/Norah McCann King*
                                                Norah McCann King
                                                United States Magistrate Judge

January 18, 2013
(Date)

2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS



| | |
|---|---|
| VPR INTERNATIONALE, | ) |
| Plaintiff, | ) 11-2068 |
| v. | ) |
| DOES 1 - 1017, individually and as representatives of a class, | ) |
| Defendants. | ) |

ORDER

The plaintiff, VPR Internationale, is a Montreal, Quebec-based producer of adult entertainment content. VPR has filed this complaint against 1,017 Doe defendants identified only by Internet Protocol ("IP") address. VPR alleges that these defendants have distributed adult videos in violation of VPR's copyrights. To determine the identity of the 1,017 alleged copyright infringers, VPR filed an *ex parte* motion for expedited discovery so that it could immediately serve subpoenas on Internet service providers ("ISPs") to determine the subscriber and location associated with each IP address. The court denied the motion for expedited discovery [9]. VPR filed an *ex parte* motion for reconsideration, which was denied on March 22, 2011, by text order.

VPR has now filed a motion to certify for interlocutory review the court's denial of its motion for expedited discovery. VPR seeks certification for one controlling question of law:

Defendants' identifies are unknown to the Plaintiff. Instead, each Defendant is associated with an Internet Protocol (IP) address. Internet Service Providers (ISPs) know identity and contact information associated with each IP address. Is the Plaintiff to entitled to discover this information by serving ISPs with subpoenas *duces tecum* under Fed. R. Civ. P. 45?

Fed. R. Civ. P. 26(d)(1) prohibits a party from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." In this case, VPR may seek expedited discovery only by court order.

Arguing in favor of certification, VPR directs the court's attention to its motion for reconsideration. In its memorandum, VPR concedes that the relief sought falls outside traditional adversarial procedure, and states that there is no legal basis to name the ISP providers as defendants. VPR compares the Doe defendants' IP addresses to "records of *who* rented *which* car at a busy car rental agency, in that IP addresses are like cars "leased by subscribers. If a

plaintiff was injured by a rental car, the plaintiff can discover the information on who leased the car from the agency by specifying the license plate of the offending vehicle and the date and time when the injury occurred. Without access to the agency's records, all the plaintiff has is the identity of the rental agency, but not who was driving the rental car." The comparison is not apt. The rental agency owns the car and is a potential defendant, so the adversarial process would yield the driver's information. And such information is not necessarily confidential; accident reports and police records may also identify the driver.

In this case, not a single one of the plaintiff's 1,017 potential adversaries has been identified. There is no adversarial process yet. Moreover, VPR ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections (including a secure connection from the State University of New York). See Carolyn Thompson, *Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks* (April 25, 2011), http://www.msnbc.msn.com/id/42740201/ns/technology_and_science-wireless/

The list of IP addresses attached to VPR's complaint suggests, in at least some instances, a similar disconnect between IP subscriber and copyright infringer. The ISPs include a number of universities, such as Carnegie Mellon, Columbia, and the University of Minnesota, as well as corporations and utility companies. Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect, as illustrated in the MSNBC article. The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.

VPR argues that, if served with a subpoena, the ISPs are required by law to notify each targeted subscriber and the Does may then move the court to quash the subpoenas. The potential filing of a motion to quash is no reason to abandon the adversarial process. As VPR points out, *ex parte* motions for expedited discovery have been granted in similar cases in other districts; among the thousands of Does in those cases, relatively few motions to quash have been filed. In at least one case, counsel[1] has sought leave to amend the complaint to add more Doe defendants. See *Lightspeed Media Corp. v. Does 1 - 100*, Case No. 1:10-cv-05604, d/e 16 (N.D. Ill.) (seeking leave to add Does 101 - 1000 as defendants). In *Hard Drive Productions, Inc. v. Does 1 - 1000*, counsel sought leave to dismiss more than 100 Doe defendants, stating that some of the Does had "reached a mutually satisfactory resolution of their differences" with the plaintiff. *Hard Drive*,

---

[1] VPR is represented by John Steele, Esq. Steele represents other adult entertainment producers in cases now (or recently) pending in the Northern and Southern Districts of Illinois.

Case No. 1:10-cv-05606, d/e 33 (N.D. Ill.).[2]  Orin Kerr, a professor at George Washington University Law School, noted that whether you're guilty or not, "you look like a suspect."[3] Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong?  The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case.

In its order denying the motion for expedited discovery, the court noted that until at least one person is served, the court lacks personal jurisdiction over anyone. The court has no jurisdiction over any of the Does at this time; the imprimatur of this court will not be used to advance a "fishing expedition by means of a perversion of the purpose and intent" of class actions.  Order, d/e 9.

The motion to certify for interlocutory review [14] is denied.

Entered this 29th day of April, 2011.

\s\Harold. A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[2] In *Lightspeed,* only one defendant has been named and his case severed; the ISP subpoenas have been quashed, the other Does are dismissed, and Steele has been ordered to notify the Does that they are no longer potential defendants in the case. *See* Case No. 1:10-cv-05604, d/e 57 (N.D. Ill.).

[3] MSNBC article, p. 2.



It's that kind of experience.

EXHIBIT "D"

February 28, 2013

Re: **Riding Films. v Does 129-193**, Civil Action No. 2:13-cv-46;
Subpoena and Court Order to Provide Customer Information

Dear ▮▮▮▮

**IMPORTANT NOTICE REGARDING ISSUANCE OF SUBPOENA
SEEKING DISCLOSURE OF YOUR IDENTITY**

We have received a Subpoena in the referenced case to disclose certain customer information (name, address, telephone number, email address and MAC address) associated with IP Address 67.149.221.168, used on ▮▮▮▮▮▮▮▮▮▮, as further described in the Subpoena issued to us by the Law Offices of Taft Stettinius & Hollister LLP. The Subpoena was issued to us in accordance with an Order issued by Judge Norah McCann King. We have attached the Subpoena and related Court Order.

WOW is not a party to this lawsuit, and has taken no part in this filing. We are, however, legally required to respond to the Subpoena. We cannot provide legal advice to you on this matter.

In accordance with the Order, if you wish to move to quash the Subpoena, you must do so two (2) business days before the return date of the subpoena, which has been extended to **April 5, 2013**. Please be advised that, unless WOW is served with a motion to quash signed by the court on or before **April 3, 2013**, we intend to provide the requested information. If you intend to take actions to modify or quash the Subpoena before we respond, motion papers signed by the court can be served upon WOW via Fax number 630-536-3108 immediately, and we will withhold the information pending the Court's consideration of your motion.

Very truly yours,

David Walden
Vice President, IT
WOW Internet, Cable and Phone