# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Riding Films Inc.　　　　　　　　　　　CASE No. 2:13-cv-46

　　　　Plaintiff,

vs.　　　　　　　　　　　　　　　　　　MOTION TO QUASH SUBPOENA AND SEVER PARTIES

DOES 129-193

　　　　Defendants.

_____/

**MOTION TO QUASH SUBPOENA AND MOTION FOR SEVERANCE**

Comes now counsel for DOE No. 189, pursuant to Fed. R. Civ. P. 45(c)(3)(A), Fed. and files this Motion to Quash Subpoena served upon Custodian of Records, Wide Open West, because the subpoena requires disclosure of protected information and subjects DOE No. 189 to undue burden.  DOE No. 189 also files its Motion for Severance pursuant to Fed. R. Civ. P. 21 because DOES 130-193 are improperly joined and should be severed. A memorandum in support is attached.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　*/s/ Michael J. O'Reilly*
　　　　　　　　　　　　　　　　　　　　Michael J. O'Reilly (0019892)
　　　　　　　　　　　　　　　　　　　　O'REILLY LAW OFFICES
　　　　　　　　　　　　　　　　　　　　30 Hill Road South, Suite B
　　　　　　　　　　　　　　　　　　　　Pickerington, Ohio 43147
　　　　　　　　　　　　　　　　　　　　Phone:  (614) 833-3777
　　　　　　　　　　　　　　　　　　　　Fax:  (866) 257-8939
　　　　　　　　　　　　　　　　　　　　E-mail:  oreillylawohio@yahoo.com
　　　　　　　　　　　　　　　　　　　　*Attorney for Defendant DOE No. 189*

**I. INTRODUCTION**

Pursuant to Fed. R. Civ. P. 45(c)(3)(a), DOE No. 189 files its Motion to Quash Subpoena served upon Custodian of Records, Wide Open West, because the subpoena requires disclosure of protected information, and subjects DOE No. 189 to undue burden. Additionally, the subpoena seeks information that is not relevant given Plaintiff's inability to link DOE No. 189 to alleged infringing activity.

Plaintiff filed suit against 64 unnamed DOE defendants, who are identified in its Complaint by their alleged internet protocol (IP) addresses. Plaintiff alleges that these DOE defendants have obtained a film in violation of Plaintiff's copyrights. Wide Open West is an internet service provider (ISP) that provides internet service to its customers, including DOE No. 189. Plaintiff served a subpoena on Custodian of Records, Wide Open West, to compel the disclosure of documents to identify the name, address, telephone number, and e-mail address of DOE No. 189, so DOE No. 189 can be named as a defendant in Plaintiff's copyright infringement action. A true and correct copy of the subpoena is attached as Exhibit "A".

DOE No. 189 has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which DOE No. 189 has personal and proprietary interests. DOE No. 189 also has standing to move to quash the subpoena to protect reputational interests. Fed. R. Civ. P. 45(c)(3)(B) allows a person affected by, but not subject to, a subpoena to move to quash to subpoena.

**II. PLAINTIFF'S SUBPEONA IS IMPROPER**

Plaintiff filed an ex parte application for "early discovery" prior to a Rule 26(f) conference so that it could serve subpoenas on ISPs, such as Wide Open West, to determine the internet subscriber names, addresses, and e-mail addresses associated with the IP

addresses listed in its Amended Complaint. United States Magistrate Judge Norah McCann King, of the Southern District of Ohio, Eastern Division, entered the order attached hereto as Exhibit "B" permitting service of subpoenas on Wide Open West. This motion to Quash is timely filed as Wide Open West notified DOE No. 189 of the subpoena on February 28, 2013, and stating that it had obtained and extension until April 5, 2013. A true copy is attached hereto as Exhibit "C".

Plaintiff's complaint and ex parte request for expedited discovery is part of a growing wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant based solely on an IP address. However, an IP address is not equivalent to a person or entity. In a similar case where a copyright holder sought expedited discovery to learn the identity of persons associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois recognized this problem in *VPR Internationale v. DOES 1-1017,* No. 2:11-cv-02068 (Central District of Illinois), "Plainly stated, the court is concerned that the expedited ex parte discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23." Id.  Judge Baker denied a motion for expedited discovery and reconsideration, further reasoning, "IP subscribers are not necessarily copyright infringers. The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of Apr. 29, 2011, *VPR Internationale v. DOES 1-1017*, No. 2:11-cv-02068 (Central District of Illinois). A copy of which is attached hereto as Exhibit "D". Judge Baker was analyzing the risk of false identification and false accusations through disclosure of identities of internet subscribers which is also the paramount issue at hand in this case. If this Court should force Wide Open West to turn over the requested information, the risk DOE No. 189

would suffer reputational injury even if Plaintiffs allegations are later disproven are too great and present an undue burden to DOE No. 189 under Fed. R. Civ. P. 45(c)(3)(a)(iv).

This type of fishing expedition lead to an extortion risk as well as Judge Baker recognized "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case." Order of Apr. 29, 2011, *VPR International* . While VPR concerned an adult video, so there is more emphasis on public embarrassment then might be at issue here, DOE 189 still suffers reputation injury being associated with illegal BitTorrent downloading and certainly faces the expenses of defending this suit. Plaintiffs in these types of cases use discovery to extort settlements from anonymous defendants who either wish to avoid embarrassment of being associated with these types of activities, or who would not be able to afford adequate legal representation to defend itself from these types of actions. Such abuse of the discovery process should not be permitted.

### III. PLAINTIFF HAS IMPROPERLY JOINED 64 INDIVIDUAL DEFENDANTS BASED ON ENTIRELY DISPARATE ALLEGED ACTS

To cut court costs while suing as many individuals as possible, Plaintiff is using improper joinders in its lawsuit alleging copyright infringement through BitTorrent. Other Plaintiffs and their counsel around the country have tried this same procedure in similar cases and the courts have ruled their joinders improper. In the Northern District of California, these nearly identical BitTorrent cases have been severed for improper joinder *Pacific Century International LTD v. Does 1-101* case 4:2011cv02533 (severed does 2-101); *IO Group, Inc. v. Does 1-435* case 3:2010cv04382 (severed does 2-435); *Diabolic Video*

*Productions, Inc v. Does 1-*2099 case 5:2010cv05865 (severed Does 2-2099; *New Sensations, Inc v. Does 1-1768* case 5:2010cv05864 (severed Does 2-1768)*; Boy Racer, Inc v. Does 1-*52 case 5:2011cv02329 (severed Does 2-52); *Boy Racer, Inc v. Does 1-71* case 5:2011cv01958 (severed Does 2-72).

In yet another nearly identical BitTorrent case, filed in the Northern District of California, *Millennium TGA, Inc v. Does 1-21 case 3:2011cv02258*, Judge Samuel Conti found the same joinder problems, and wrote in his order denying request for leave to take early discovery, "This Court does not issue fishing licenses."

The Plaintiff's joinder of 64 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in other copyright cases. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . .
> Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music v. Does 1-203,* No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any

>question of law or fact common to all defendants will arise in the action.
>Fed. R. Civ. P. 20.

Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

(1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "arise out of the same transaction, occurrence, or series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. *See Arista Records, LLC v. Does 1-11,* No. 1:07-cv-2828, 2008 WL 4823160, at *4 (N.D.Ohio Nov. 3, 2008) (stating that the court "does not believe that ... efficiency concerns should supersede the requirements for joinder set forth in the Federal Rules of Civil Procedure, particularly where, as here, there are no allegations that the same individual is responsible for multiple instances of infringement occurring at the identified IP addresses"). In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them

was allegation they used same ISP to conduct copyright infringement.  See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order*, In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

      Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work.  While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses.  That attenuated relationship is not sufficient for joinder.  *See BMG Music v. Does 1-*

*203,* 2004 WL 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, Limewire and various other Gnutella clients have incorporated multisource/swarming downloads since 2002.[1]

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants.  Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here. Many courts finding that severed defendants due to misjoinder focused mainly on a deficiency in Rule 20's transactional component, holding that the Doe defendants' separate and distinct actions did not constitute "the same transaction, occurrence or series of transactions or occurrences." Fed.R.Civ.P. 20; see *Arista Records,* 2008 WL 4823160, at *6 ("[M]erely alleging that the Doe Defendants all used the same ISP and file-sharing network to conduct copyright infringement without asserting that they acted in concert was not enough to satisfy the same series of transactions requirement under the Federal Rules."); *Fonovisa, Inc. v. Does 1-9*, 2008 WL 919701, at *5 ("A review of the record indicates that the copyright infringement claims alleged against Does 1 through 9 are not logically related and therefore do not constitute the same transaction or occurrence, or series of transactions or occurrences)

---

[1] http://gondwanaland.com/mlog/2004/12/30/deployment-matters/

Because the improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" DOES 130-193, from the case. *See* Fed. R. Civ. P. 21.

### IV. SUBPOENA DOES NOT SEEK RELEVANT INFORMATION

This subpoena should not have been issued because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. *See Syposs v. United States,* 181 F.R.D. 224, 226 (W.D.N.Y. 1998) ("the reach of a subpoena issued pursuant to [Fed. R. Civ. P. 45] is subject to the general relevancy standard applicable to discovery under [Fed. R. Civ. P. 26(b)(1)]."). The information linked to an IP address cannot give you the identity of the infringer. Order of Apr. 29, 2011, *VPR Internationale*, at 2. Because the infringer could have been anybody with a laptop passing within the range of the router, the information sought by Plaintiff is not relevant to the allegations in any way. Id. Moreover, even if the information has some small amount of relevance to the claim, which is does not, discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. Fed. R. Civ. P. (26(b)(2)(c)(iii). Plaintiff's request fails the balancing test. Given that DOE No. 189 was only one of many persons who could have used the IP address in question, the quantum of relevance is less than the burden to DOE 189 as discussed above and thus fails the Rule 26 balancing test.

**V. CONCLUSION**

Plaintiff's request for information is a fishing expedition that will cause reputational injury, prejudice, and undue burden to DOE No. 189 if allowed to proceed. Good cause exists to quash the subpoena served on Wide Open West to compel the disclosure of the name, address, telephone number and e-mail address of DOE No. 189. In addition, Plaintiff has improperly joined many unrelated individuals into one lawsuit, creating serious questions of Individual Fairness and Individual Justice. Therefore the Court should sever the defendants and "drop" all Defendants except for the first nonmoving doe defendant in the action, DOE No. 129 from the case as it has been followed in other courts when presented with the same issue. See, e.g., LaFace Records LLC, 2008 U.S. Dist. LEXIS 14544, at *8 (severing all doe defendants except one, the first non-moving doe defendant remaining in the action)

**WHEREFORE,** DOE No. 189 requests that this Court quash the subpoena served on Wide Open West in this matter and also drop DOES No. 130 through 193 as they have been improperly joined in this action.

Respectfully submitted,

*/s/ Michael J. O'Reilly*
Michael J. O'Reilly (0019892)
O'REILLY LAW OFFICES
30 Hill Road South, Suite B
Pickerington, Ohio 43147
Phone: (614) 833-3777
Fax: (866) 257-8939
E-mail: oreillylawohio@yahoo.com
*Attorney for Defendant DOE No. 189*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served via e-filing and U.S. Mail on this 1st day of April, 2013, on the following parties:

Leon D. Bass
David J. Butler
Taft Stettinuius & Hollister LLP
65 East State Street, Suite 1000
Columbus, Ohio 43215
*Attorneys for Plaintiff*

                                              */s/ Michael J. O'Reilly*
                                              Michael J. O'Reilly (0019892)