IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RIDING FILMS, Inc.,** : | |
| : | Case No. 2:13-CV-00046 |
| **Plaintiff,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge King |
| **WADE WHITE,** *et al.***,** : | |
| : | |
| **Defendants.** : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff Riding Films, Inc.'s Motion to Dismiss Defendants' Counterclaims pursuant to Federal Rule of Civil Procedure 12 (b)(6). (Doc. 40). Plaintiff asks this Court to dismiss all three counterclaims for failure to state a claim upon which relief may be granted. For the reasons set forth herein, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART.**

**II. BACKGROUND**

On January 16, 2013, Plaintiff filed suit against 64 unnamed "Doe" Defendants, who are identified in the Complaint by their alleged internet protocol ("IP") addresses. Plaintiff seeks damages and injunctive relief related to Defendants' wrongful copying and distribution of unauthorized copies of the film "Dawn Ride," in violation of Plaintiff's copyrights. Defendants allegedly used a peer-to-peer ("P2P") network called "BitTorrent protocol" or "torrent" to share and download a small piece of data from other peers. Peers who have any part in the entire file (a "seed") that he or she is downloading can be the source of the download and consequently be the distributor of the file.

1

Plaintiff moved this Court for leave to take discovery prior to Rule 26(f) conference, asserting that it needed to subpoena records of various Internet Service Providers in order to name properly the alleged Defendants. (Doc. 2). The Court granted Plaintiff's Motion, finding that good cause for expedited discovery is "easily established in copyright infringement cases." (Doc. 4). Once leave was granted by the Court, Plaintiff served the ISP's with a subpoena "requesting the names, addresses, telephone numbers, email addresses and Media Access Control Addresses" for each individual or entity that accessed the certain Internet Protocol Address ("IP Address") that was listed. (Doc. 40 at 3). Plaintiff contends that the information sought was limited to the discovery of the identities of the Defendants in compliance with the Court order. (*Id.*).

On September 6, 2013, Plaintiff filed its Amended Complaint for copyright infringement, naming seven individuals, two of whom were Shawn Denham and Brenda Wintle. Defendants filed separate motions to dismiss, which they withdrew at the preliminary pretrial conference on November 7, 2013. On November 29, 2013, Defendants filed separate, identical, counterclaims along with their answers and affirmative defenses. (Doc. 34; Doc. 35). Defendants allege that Plaintiff hired "Crystal Bay Corporation," a corporation organized under the laws of South Dakota and currently listed in delinquent status, to provide private investigative services which led to the production of evidence to be used against Defendants, including IP addresses and other evidence which Plaintiff plans to use at trial. (Doc. 34 at 10). According to Defendants, Crystal Bay is not licensed by the State of Ohio to engage in private investigation services and therefore has violated O.R.C. § 4749.99 in its investigation. (*Id.*). Defendants assert three counterclaims against Plaintiff: (1) declaratory judgment for non-infringement; (2) invasion of privacy and

2

tortious violation of Ohio's Private Investigator Licensing Statutes; and (3) computer fraud and abuse. Plaintiff now moves to dismiss Defendants' counterclaims for failure to state a claim.

### III. STANDARD OF REVIEW

A case may be dismissed if the complaint does not state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008); *Murphy v. Sofamor Danek Gp., Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). However, the Court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Although liberal, the Rule 12(b)(6) standard requires more than the bare assertion of legal conclusions to survive a motion to dismiss. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). The complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). While a complaint need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 545. A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Iqbal*, 556 U.S. 662, 678 (*citing Twombly*, 550 U.S. at 556).

## IV. LAW AND ANALYSIS

### A.  *Declaratory Judgment*

Plaintiff argues that the Defendants' declaratory judgment counterclaims for non-infringement are nothing more than "mirror-images" of Plaintiff's claims for copyright infringement and therefore should be dismissed.  An adjudication of Plaintiff's claims would render the counterclaims moot, Plaintiff insists, as both the factual and legal issues surrounding the Complaint and counterclaims are identical.  (Doc. 40 at 4).  Plaintiff claims Defendants have failed to identify a single factual or legal issue that is not mentioned in the Complaint, and therefore there is no purpose for the Court to retain Defendants' counterclaims for declaratory judgment.  (*Id.*).  Plaintiff points out that the only difference in Defendants' counterclaims is invalid copyright, which is, it argues, an affirmative defense to a copyright infringement allegation, not a separate claim.  (*Id.*).

Defendants respond that they are entitled to a declaratory judgment of non-infringement because they did not commit any of the alleged acts of downloading or file sharing and, even if they did, they did not infringe, because Plaintiff's copyright is invalid.  (Doc. 43 at 3).  Defendants maintain that case law recognizes that mirror-image counterclaims should not always be dismissed, and argue that the declaratory judgment is necessary because the Court needs to determine whether Plaintiff has a valid copyright, given that it currently has at least fifteen other identical suits pending around the country.  (*Id.* at 4).  Defendants claim that Plaintiff's copyright is invalid and states the following facts in their affirmative defense: (1) Plaintiff's movie appears to be a remake of an earlier film; (2) Plaintiff does not seem to have paid for any rights in the earlier version, as the Copyright Office shows that the copyrights of the earlier film was assigned to Melange Pictures, LLC; (4) Melange Pictures, LLC, is a division of

4

Paramount Pictures, not an affiliate of Plaintiff. (Doc. 34 at 7). Defendants contend that a declaratory judgment of non-infringement is crucial because a ruling in favor of Defendants based solely on affirmative defenses will not sufficiently protect Defendants from future actions. (Doc. 43 at 4-5).

Plaintiff retorts that the case law cited by Defendants pertains to patent infringement and is not comparable to copyright infringement. (Doc. 45 at 7). Further, Plaintiff maintains that while in the past, mirror-image declaratory judgment counterclaims served the purpose of preventing tactical dismissals by plaintiffs, they are no longer necessary as Fed. R. Civ. P. 41(a) protects against this when both claims by the Plaintiff and Defendant are the same. (*Id.*). Plaintiff adds that, even if the counterclaims were not deemed to be mirror-images of the Complaint, they should still be dismissed for failure to state a claim for relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, which affords district courts the discretion to determine whether and when to entertain an action for declaratory judgment. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). Plaintiff claims that Defendants have failed to state a claim for relief, since they cannot demonstrate that Plaintiff is not the exclusive copyright holder.

A counterclaim for declaratory judgment in the copyright context is appropriate if a court could find non-infringement without adjudicating the validity of the underlying intellectual property, thus leaving the Defendant in fear of future actions. *Dominion Elec. Mfg. Co. v. Edwin L. Wiegand Co.*, 126 F.2d 172, 175 (6th Cir. 1942). Defendants argue that a verdict of non-infringement is not sufficient because the Court could find non-infringement without adjudicating the validity of their invalid copyright counterclaim. (Doc. 43 at 4-5). Defendants want themselves and others to be free from future actions, which is particularly relevant in light

5

of the fact that Plaintiff has fifteen other identical suits pending around the country. (*Id.*). The Court recognizes that should Defendants achieve a verdict of non-infringement, their counterclaim for invalid copyright against the Plaintiff would not necessarily be adjudicated, and therefore finds a useful purpose in retaining Defendants' counterclaims for declaratory judgment.

In their affirmative defense, Defendants allege that the Plaintiff's movie appears to be a remake of a 1935 film and that the Plaintiff has not paid for any of the rights to the earlier version. (Doc. 34 at 7). Defendants also argue that although Plaintiff claims the earlier version was in the public domain, according to a September 1, 2006 filing found at the Copyright Office, Republic Pictures was the holder of the rights to the 1935 film and assigned their rights to Melange Pictures, LLC, which is not an affiliate of the Plaintiff. (*Id.*). Defendants have provided factual allegations to support a plausible claim that Plaintiff's copyright is invalid.

*B. Invasion of Privacy and Tortious Violation of Ohio's Private Investigator Licensing Statutes*

Plaintiff next argues that Defendants' counterclaims for invasion of privacy and tortious violation fail as no private information has been obtained. (Doc. 40). Plaintiff asserts that all information used to identify the Defendants was obtained through "Defendants' own conduct on the peer to peer network, containing shared files, and any member of the public could have accessed that information." (*Id.* at 7). Plaintiff insists that none of the factual allegations made by the Defendants refer to any private information that would be the basis for an Invasion of Privacy claim or support an "unwarranted appropriation or exploitation of Defendants' personalities, publicizing of Defendant's private affairs with which the public has no legitimate concern or wrongful intrusion into Defendant's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to the Defendants." (*Id.*). Additionally, Plaintiff asserts that Defendants' claim for tortious violation also fails because any violation of this is

"subject to criminal penalty, a misdemeanor which cannot be brought as a civil claim." (*Id.* at 8.). Further, even a counterclaim for negligence per se should be dismissed because Defendants lack evidence that there has been a violation. (Doc. 43 at 6). Lastly, Plaintiff claims that the Defendants failed to allege what private information was or could have been obtained by the Plaintiff using private investigation and accordingly fail to state a claim for relief that is plausible on its face. Plaintiff adds that Defendants cannot demonstrate proximate cause by the Plaintiff or any damages cause by an act of the Plaintiff. (*Id.*).

Defendants acknowledge that they are unsure what information was acquired by Darren M. Griffin, the expert hired by Plaintiff to identify Defendants, but intend to remedy this problem by deposing him in future discovery. (*Id.*). Defendants suggest that if, after discovery is completed, they are unable to support their claims, they will withdrawal them at that time. (*Id.*).

Defendants may not rely on unsupported allegations with the hope that subsequent discovery will support their claims. *Sorg Paper Co. v. Murphy*, 111 F.R.D. 363, 367 (S.D. Ohio 1986). This Court has rejected the request to make an allegation with such a hope, reasoning that, "[i]f parties were allowed discovery under the statute for the purpose of 'happening on' or 'finding' a cause of action, the potential for abuse would be inordinate." *Id.* Defendants concede that they are "unsure" what information was accessed by Plaintiff or Plaintiff's hired expert, but state they intend to gather more information upon further discovery. (Doc. 43 at 6). But this is insufficient. Defendants' counterclaims for invasion of privacy fail to state a claim upon which relief can be granted because they have not identified which information was accessed, and that it was accessed illegally. Defendants maintain they are entitled to bring their tortious violation counterclaim as a counterclaim for negligence per se, pursuant to *Schell v. Du Bois*, where the Ohio Supreme Court held that the violation of a statutory duty passed for the

7

protection of the "public at large" is negligence per se. 113 N.E. at 664 (1916). Defendants fail to provide any plausible allegations that O.R.C. § 4749.99, was aimed to protect the "public at large," or is a statutory duty. Regardless, even assuming Defendants properly brought their civil claim under a criminal statute, Defendants fail to allege that they suffered an injury, proximately caused by the Plaintiff. Accordingly, Defendants' counterclaims for invasion of privacy and tortious violation are dismissed.

### C. Computer Fraud and Abuse

Finally, Plaintiff argues that Defendants' third counterclaim, alleging a violation of Computer Fraud and Abuse Act ("CFAA"), fails because Defendants cannot satisfy an essential element to a CFAA claim: "access to Defendants' computers by the Plaintiff." (Doc. 40 at 9). Plaintiff points out that Defendants accessed a public peer-to-peer sharing network, which allowed Plaintiff to access their IP address. (*Id*. at 9-10). All information collected by Plaintiff was available to any member of the public because of Defendants' use of the public sharing network and thus, Plaintiff did not "access" Defendant's computer, and the CFAA does not apply. (*Id.*). Plaintiff contends that Defendants' CFAA counterclaim should also fail because there are no facts to support their conclusory allegation that Plaintiff accessed their computer or that Defendants were subject to any damage or loss caused by the Plaintiff, as required by the CFAA. (*Id.*).

Defendants respond that, while it is not entirely clear, they believe that Darren M. Griffin, hired by Plaintiff, may have accessed their computer without authorization and in violation of 10 U.S.C. § 1030. (Doc. 43 at 7). Defendants claim that Plaintiff's unauthorized access to their protected computers caused "the transmission of the program, information code or command and intentionally or recklessly caused damage." (Doc. 34 at 12; Doc. 35 at 12). Defendants point to

8

Paragraphs eleven through twenty-eight of Darren M. Griffin's Affidavit, where he details a "forensic process" and "software" used to identify alleged infringers and Defendants believe this process may violate 10 U.S.C. § 1030. (*Id.*). Defendants maintain that they intend to depose Mr. Griffin to discover more information on this subject and after discovery is complete, they will amend or dismiss their counterclaims at that time. (*Id.*).

An individual does not have a reasonable expectation of privacy over information that is made publically available for download by peer-to-peer file sharing programs. *United States v. Conner*, 521 F.App'x 493, 497 (6th Cir. 2011). Defendants claim that Plaintiff knowingly and with intent to defraud accessed their "protected" computer without authorization and obtained information from that computer system in violation of 18 U.S.C. § 1030(a)(2)(c). The files that Plaintiff allegedly accessed were contained in the publically-available "share" folder, which calls into question any assertion that Defendants' computers should be considered private or "protected." Further, no authorization is needed to access files which are available to the general public. *Motown Record Co., L.P. v. Kovalcik*, No. 07-CV-4702, 2009 WL 455137 at *3 (E.D.Pa. Feb. 23, 2009). According to the Griffin Affidavit, all of the information collected by the Plaintiff was done so "publicly, based on Defendants' access to publicly-shared folders." (Doc. 2). Griffin used "forensic software" to identify the IP addresses in use by people who use BitTorrent protocol to share, copy and distribute files, information which is available to any member of the public. (*Id.* at 19). The fact that the accessed files were in a publically-available folder negates the second element of a CFAA claim, that Plaintiff acted "without authorization," because Plaintiff did not need authorization to access files that were made public through Defendants' use of publicly-shared folders.

9

Additionally, Defendants fail to allege any facts to support a claim of damage or loss caused by Plaintiff.  Although the CFAA is mainly a criminal statute, the CFAA permits a person who suffers damage or loss by reason of a violation of this section to maintain a civil action against the violator.  *Jedson Engineering, Inc. v. Spirit Construction Services, Inc.*, 720 F.Supp.2d 904, 228 (S.D. Ohio 2010).  In their counterclaim, Defendants' merely assert that the Plaintiff "intentionally or recklessly caused damage," without stating any facts to support their claim.  (Doc. 34 at 12; Doc. 35 at 12).  While Defendants believe they can gather more information to support their claims upon further discovery, Defendants have failed to provide any factual allegations to support their claim and accordingly failed to "plead enough facts to state a claim to relief that is plausible on its face" or rise above the speculative level.  *Twombly,* 550 U.S. 544, 570.  Accordingly, Defendants' counterclaims for violation of the CFAA are dismissed.

### V. CONCLUSION

For the reasons above, Plaintiff's Motion to Dismiss (Doc. 40) is **GRANTED IN PART AND DENIED IN PART**.  Defendants' counterclaims for violation of the CFAA and invasion of privacy and tortious violation are **DISMISSED**. Plaintiff's Motion to Dismiss is **DENIED** with respect to Defendants' counterclaim for declaratory judgment.

**IT IS SO ORDERED.**

    s/ Algenon L. Marbley  
**ALGENON L. MARBLEY**  
**UNITED STATES DISTRICT JUDGE**

**DATED: August 11, 2014**